## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) ) | **Case No. 16 cv 3779** |
| **RYAN GILBERTSON, THOMAS HOWELLS, AND DOUGLAS HOSKINS,** | ) ) ) ) ) | **JURY DEMANDED** |
| **Defendants.** | ) | |

### DEFENDANT RYAN GILBERTSON'S ANSWER

Ryan Gilbertson ("Gilbertson") files this answer to the Securities and Exchange Commission's ("SEC's") Complaint. Gilbertson states that except as otherwise expressly admitted or qualified, Gilbertson denies each and every allegation in the Complaint.

1.     To the extent the allegations in the first sentence of paragraph 1 of the Complaint are limited to the SEC's characterizations of this action and purport to state a legal conclusion, no response is required from Gilbertson. Gilbertson admits that Dakota Plains Transport, Inc. was merged to create Dakota Plains, Inc. and ultimately became Dakota Plains Holding, Inc. after a merger (referred to generally herein as "Dakota Plains"). Gilbertson denies the remaining allegations in this paragraph.

2.     Gilbertson admits that he was an initial investor in Dakota Plains pursuant to agreements that speak for themselves in 2008. Gilbertson further admits that Michael Reger was an initial investor in Dakota Plains and that his father and Michael Reger's father served as officers of Dakota Plains. Gilbertson denies the remaining allegations of paragraph 2 of the Complaint.

3.      Gilbertson denies the allegations in paragraph 3 of the Complaint.

4.      Gilbertson denies the allegations in paragraph 4 of the Complaint.

5.      Gilbertson denies the allegations in paragraph 5 of the Complaint.

6.      Gilbertson denies the allegations in paragraph 6 of the Complaint.

7.      Gilbertson denies the allegations in paragraph 7 of the Complaint.

8.      Gilbertson denies the allegations in paragraph 8 of the Complaint.

9.      Gilbertson denies the allegations in paragraph 9 of the Complaint.

10.     Gilbertson denies the allegations in paragraph 10 of the Complaint.

11.     Gilbertson lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations of paragraph 11 of the Complaint and on that basis denies them.

12.     Gilbertson denies the allegations in paragraph 12 of the Complaint.

13.     To the extent the allegations in paragraph 13 of the Complaint are limited to the SEC's characterizations of this action and purport to state a legal conclusion, no response is required from Gilbertson.  To the extent any allegations in paragraph 13 may be deemed to be factual, Gilbertson denies those allegations.

**JURISDICTION AND VENUE**

14.     To the extent that paragraph 14 of the Complaint purports to state a legal conclusion, no response is required from Gilbertson.  Gilbertson admits that the SEC seeks to bring this action pursuant to Section 20(b) of the Securities Act and Sections 21(d) and 21(e) of the Exchange Act.

15.     Gilbertson admits that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Gilbertson denies the remaining allegations in paragraph 15 of the Complaint.

16.     Gilbertson admits that venue is proper in this district, but denies that any of the acts, practices, and courses of business alleged provides the basis of any claim against him.

17.     To the extent that paragraph 17 of the Complaint purports to state a legal conclusion, no response is required from Gilbertson.  To the extent any allegation in paragraph 17 may be deemed factual, Gilbertson denies these allegations.

### DEFENDANTS

18.     Gilbertson admits that he is 40 years old and that he held various licenses with FINRA, that he was a registered representative of various firms in the securities industry over the years, that he is currently the CEO of Northern Capital Partners, and that he was an initial investor in Dakota Plains along with Michael Reger.  Gilbertson denies the remaining allegations in paragraph 18 of the Complaint.

19.     Gilbertson admits that Douglas Hoskins is his friend.  Gilbertson lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations regarding Hoskins' age and residency.  Gilbertson denies the remaining allegations in paragraph 19 of the Complaint.

20.     Gilbertson admits that Howells was involved in arranging the merger between Dakota Plains and MCT.  Gilbertson lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations regarding Howells' age and residency.  Gilbertson denies the remaining allegations in paragraph 20 of the Complaint.

### OTHER PARTIES

21.     Gilbertson admits the allegations in paragraph 21 of the Complaint.

22.     Gilbertson admits that he was an initial investor in Dakota Plains with Reger.  Gilbertson lacks sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 22 of the Complaint and on that basis denies them.

**FACTS**

23.     Gilbertson admits that he was an initial investor in Dakota Plains in 2008 along with Reger and that their fathers served as officers of Dakota Plains for a time. Gilbertson denies the remaining allegations in paragraph 23 of the Complaint.

24.     Gilbertson denies the allegations in paragraph 24 of the Complaint.

25.     Gilbertson admits that Dakota Plains raised capital by making private placements of stock.  Gilbertson lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations regarding the number of investors, amount invested and number of shares issued.  Gilbertson denies the remaining allegations in paragraph 25 of the Complaint.

26.     Gilbertson denies the allegations in paragraph 26 of the Complaint.

27.     Gilbertson denies the allegations in paragraph 27 of the Complaint.

28.     Gilbertson denies the allegations in paragraph 28 of the Complaint.

29.     Gilbertson admits that in February 2011, he and Reger loaned Dakota Plains money in exchange for promissory notes, that Dakota Plains issued a dividend to all shareholders in January 2011, and that he received a dividend.  Gilbertson denies the remaining allegations in paragraph 29 of the Complaint.

30.     Gilbertson admits that in April 2011, he and Reger loaned money to Dakota Plains in exchange for promissory notes and refers to the terms of those loans for a complete statement of the terms and amounts.  Gilbertson denies the remaining allegations in paragraph 30 of the Complaint.

31.     Gilbertson admits that he performed consulting services for Dakota Plains and an entity controlled in part by him was paid for those services according to a consulting agreement, and refers to the terms of the agreement which speak for themselves.  Gilbertson denies the remaining allegations of paragraph 31 of the Complaint.

32.     Gilbertson admits that Dakota Plains published offering materials in connection with private placements and refers to the terms of those materials which speak for themselves.  Gilbertson denies the remaining allegations of paragraph 32 of the Complaint.

33.     Gilbertson denies the allegations in paragraph 33 of the Complaint.

34.     Gilbertson denies the allegations in paragraph 34 of the Complaint.

35.     To the extent that the allegations in the first sentence of paragraph 35 of the Complaint purports to state a legal conclusion, no response is required from Gilbertson.  Gilbertson admits that in a reverse merger a privately held company becomes publicly traded by merging into an existing company with publicly traded shares, that Howells located a reverse merger partner, MCT Holding Corporation, that following the merger, the surviving company was renamed Dakota Plains, Inc., and that the company's ticker symbol is DAKP.  Gilbertson denies the remaining allegations of paragraph 35 of the Complaint.

36.     Gilbertson admits that he believed MCT was a good reverse merger partner for Dakota Plains.  Gilbertson denies the remaining allegations of paragraph 36 of the Complaint.

37.     Gilbertson admits that Doug Hoskins was his polo instructor.  Gilbertson denies the remaining allegations of paragraph 37 of the Complaint.

38.     Gilbertson admits that he agreed with Dakota Plains to modify the terms of the promissory notes, which resulted in more favorable terms to the company.  As a result of the consolidation of the company's debt and in consideration for the more favorable terms to the company, Gilbertson admits that he received a note exchange fee in the amount of $70,000.  Gilbertson affirmatively states that upon information and belief, all other noteholders also received a note exchange fee as a result of the same transaction.  Gilbertson denies the remaining allegations of paragraph 38 of the Complaint.

39.     Gilbertson admits that he and Reger held promissory notes for loans made to Dakota Plains, the terms of which speak for themselves.  Gilbertson denies the remaining allegations of paragraph 39 of the Complaint.

40.     Gilbertson denies the allegations of paragraph 40 of the Complaint.

41.     Gilbertson admits that he did not buy or sell Dakota Plains shares during the initial 20-day period.  Gilbertson denies the remaining allegations of paragraph 41 of the Complaint.

42.     Gilbertson admits that he loaned money to Hoskins and that Hoskins bought shares of MCT.  Gilbertson denies the remaining allegations of paragraph 42 of the Complaint.

43.     Gilbertson lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 43 of the Complaint that relate to Howells and on

that basis denies them.  To the extent any allegations in this paragraph relate to

Gilbertson, Gilbertson denies such allegations in paragraph 43 of the Complaint.

44.     Gilbertson denies the allegations of paragraph 44 of the Complaint.

45.     Gilbertson denies the allegations of paragraph 45 of the Complaint.

46.     Gilbertson denies the allegations of paragraph 46 of the Complaint.

47.     Gilbertson denies the allegations of paragraph 47 of the Complaint.

48.     Gilbertson denies the allegations of paragraph 48 of the Complaint.

49.     Gilbertson denies the allegations of paragraph 49 of the Complaint.

50.      Gilbertson denies the allegations of paragraph 50 of the Complaint.

51.     Gilbertson admits that he invoked his Fifth Amendment right and refused

to answer the SEC's questions.  Gilbertson lacks sufficient knowledge to form a belief as

to the truth or falsity of the allegations in paragraph 51 of the Complaint regarding SEC

questioning of Hoskins.  Gilbertson denies the remaining allegations of paragraph 51 of

the Complaint.

52.     Gilbertson denies the allegations of paragraph 52 of the Complaint.

53.     Gilbertson denies the allegations in paragraph 53 of the Complaint.

54.     Gilbertson denies the allegations in paragraph 54 of the Complaint.

55.     Gilbertson denies the allegations in paragraph 55 of the Complaint.

56.     Gilbertson admits that he exercised the warrants he received pursuant to

their terms.  Gilbertson denies the remaining allegations of paragraph 56 of the

Complaint.

57.     Gilbertson admits that Dakota Plains filed a Form 10-Q on May 15, 2012,

and that instead of receiving cash payments to which he was entitled, he received

additional promissory notes, the terms of which speak for themselves.  Gilbertson denies the remaining allegations of paragraph 57 of the Complaint.

58.     Gilbertson denies the allegations of paragraph 58 of the Complaint.

59.     Gilbertson admits that he twice agreed to have the terms of the notes restructured in a way that reduced the payment to him and was more favorable for Dakota Plains.  Gilbertson denies the remaining allegations of paragraph 59 of the Complaint.

60.     Gilbertson admits the allegations of paragraph 60 of the Complaint to the extent they are consistent with the statements in the May 15, 2012 Form 10-Q.  Gilbertson denies the remaining allegations in paragraph 60 of the Complaint.

61.     Gilbertson admits the allegations of paragraph 61 of the Complaint to the extent they are consistent with the August 2016 Form 10-Q.  Gilbertson admits the remaining allegations of paragraph 61 of the Complaint.

62.     Gilbertson admits the allegations in the first sentence of paragraph 62 of the Complaint to the extent they are consistent with the terms of the Exchange Act.  Gilbertson denies the remaining allegations in paragraph 62.

63.     Gilbertson denies the allegations of paragraph 63 of the Complaint.

64.     Gilbertson denies the allegations of paragraph 64 of the Complaint.

65.     Gilbertson denies the allegations of paragraph 65 of the Complaint.

## COUNT I

66.     With respect to the allegations in paragraph 66 of the Complaint, Gilbertson restates each of his answers to paragraphs 1 through 65.

67.     Paragraph 67 of the Complaint purports to state a legal conclusion, to which no response is required from Gilbertson.  To the extent any allegations in paragraph 67 may be deemed to be factual, Gilbertson denies those allegations.

68.     Paragraph 68 of the Complaint purports to state a legal conclusion, to which no response is required from Gilbertson.  To the extent any allegations in paragraph 68 may be deemed to be factual, Gilbertson denies those allegations.

69.     Paragraph 69 of the Complaint purports to state a legal conclusion, to which no response is required from Gilbertson.  To the extent any allegations in paragraph 69 may be deemed to be factual, Gilbertson denies those allegations.

## COUNT II

70.     With respect to the allegations in paragraph 70 of the Complaint, Gilbertson restates each of his answers to paragraphs 1 through 65.

71.     Paragraph 71 of the Complaint purports to state a legal conclusion, to which no response is required from Gilbertson.  To the extent any allegations in paragraph 71 may be deemed to be factual, Gilbertson denies those allegations.

72.     Paragraph 72 of the Complaint purports to state a legal conclusion, to which no response is required from Gilbertson.  To the extent any allegations in paragraph 72 may be deemed to be factual, Gilbertson denies those allegations.

73.     Paragraph 73 of the Complaint purports to state a legal conclusion, to which no response is required from Gilbertson.  To the extent any allegations in paragraph 73 may be deemed to be factual, Gilbertson denies those allegations.

## COUNT III

74.     With respect to the allegations in paragraph 74 of the Complaint, Gilbertson restates each of his answers to paragraphs 1 through 65.

75.     Paragraph 75 of the Complaint purports to state a legal conclusion, to which no response is required from Gilbertson.  To the extent any allegations in paragraph 75 may be deemed to be factual, Gilbertson denies those allegations.

76.     Paragraph 76 of the Complaint purports to state a legal conclusion, to which no response is required from Gilbertson.  To the extent any allegations in paragraph 76 may be deemed to be factual, Gilbertson denies those allegations.

77.     Paragraph 77 of the Complaint purports to state a legal conclusion, to which no response is required from Gilbertson.  To the extent any allegations in paragraph 77 may be deemed to be factual, Gilbertson denies those allegations.

## COUNT IV

78.     With respect to the allegations in paragraph 78 of the Complaint, Gilbertson restates each of his answers to paragraphs 1 through 65.

79.     Paragraph 79 of the Complaint purports to state a legal conclusion, to which no response is required from Gilbertson.  To the extent any allegations in paragraph 79 may be deemed to be factual, Gilbertson denies those allegations.

80.     Paragraph 80 of the Complaint purports to state a legal conclusion, to which no response is required from Gilbertson.  To the extent any allegations in paragraph 80 may be deemed to be factual, Gilbertson denies those allegations.

81.     Paragraph 81 of the Complaint purports to state a legal conclusion, to which no response is required from Gilbertson.  To the extent any allegations in paragraph 81 may be deemed to be factual, Gilbertson denies those allegations.

## COUNT V

82.     With respect to the allegations in paragraph 82 of the Complaint, Gilbertson restates each of his answers to paragraphs 1 through 65.

83.     Paragraph 83 of the Complaint purports to state a legal conclusion, to which no response is required from Gilbertson.  To the extent any allegations in paragraph 83 may be deemed to be factual, Gilbertson denies those allegations.

84.     Paragraph 84 of the Complaint purports to state a legal conclusion, to which no response is required from Gilbertson.  To the extent any allegations in paragraph 84 may be deemed to be factual, Gilbertson denies those allegations.

85.     Paragraph 85 of the Complaint purports to state a legal conclusion, to which no response is required from Gilbertson.  To the extent any allegations in paragraph 85 may be deemed to be factual, Gilbertson denies those allegations.

## COUNT VI

86.     With respect to the allegations in paragraph 86 of the Complaint, Gilbertson restates each of his answers to paragraphs 1 through 65.

87.     Paragraph 87 of the Complaint purports to state a legal conclusion, to which no response is required from Gilbertson.  To the extent any allegations in paragraph 87 may be deemed to be factual, Gilbertson denies those allegations.

88.     Paragraph 88 of the Complaint purports to state a legal conclusion, to which no response is required from Gilbertson.  To the extent any allegations in paragraph 88 may be deemed to be factual, Gilbertson denies those allegations.

89.     Paragraph 89 of the Complaint purports to state a legal conclusion, to which no response is required from Gilbertson.  To the extent any allegations in paragraph 89 may be deemed to be factual, Gilbertson denies those allegations.

90.     Paragraph 90 of the Complaint purports to state a legal conclusion, to which no response is required from Gilbertson.  To the extent any allegations in paragraph 90 may be deemed to be factual, Gilbertson denies those allegations.

91.     Paragraph 91 of the Complaint purports to state a legal conclusion, to which no response is required from Gilbertson.  To the extent any allegations in paragraph 91 may be deemed to be factual, Gilbertson denies those allegations.

## COUNT VII

92.     With respect to the allegations in paragraph 92 of the Complaint, Gilbertson restates each of his answers to paragraphs 1 through 65.

93.     Paragraph 93 of the Complaint purports to state a legal conclusion, to which no response is required from Gilbertson.  To the extent any allegations in paragraph 93 may be deemed to be factual, Gilbertson denies those allegations.

94.     Paragraph 94 of the Complaint purports to state a legal conclusion, to which no response is required from Gilbertson.  To the extent any allegations in paragraph 94 may be deemed to be factual, Gilbertson denies those allegations.

95.     Paragraph 95 of the Complaint purports to state a legal conclusion, to which no response is required from Gilbertson.  To the extent any allegations in paragraph 95 may be deemed to be factual, Gilbertson denies those allegations.

## RELIEF REQUESTED

Gilbertson denies that the SEC is entitled to any of the relief requested.

## AFFIRMATIVE AND OTHER DEFENSES

Gilbertson asserts the following known affirmative defenses.  In asserting these defenses, Gilbertson does not assume the burden of proof with respect to any issue as to which applicable law places the burden of proof upon the SEC.

### First Affirmative Defense

The Complaint does not state a cause of action upon which relief can be granted against Gilbertson.

### Second Affirmative Defense

The relief sought by the SEC in whole or in part exceeds its lawful authority.

### Third Affirmative Defense

The SEC's claims are barred, in whole or in part, because Gilbertson acted in good faith at all material times and in conformity with all applicable federal statutes, including the Securities Act and Exchange Act, and all applicable rules and regulations promulgated thereunder.

### Fourth Affirmative Defense

The SEC's claim for penalties is barred because, *inter alia*, any alleged violation was isolated and/or unintentional.

### Fifth Affirmative Defense

The SEC's claim for injunctive relief is barred because, *inter alia*, there has been no violation of the Securities Act or the Exchange Act, and because there is no reasonable likelihood that any violation will be repeated.  The SEC's injunctive relief claim is further barred because the adverse effects of an injunction far outweigh any benefit from an injunction.

## Sixth Affirmative Defense

The Commission's claim for disgorgement is barred because, *inter alia*,

Gilbertson never received any ill-gotten profits or direct economic gains as a result of any

of the actions alleged in the Complaint.

## Seventh Affirmative Defense

The SEC's claim for an officer and director bar is barred because, *inter alia*, there

has been no violation of the Securities Act or the Exchange Act and because Gilbertson is

not unfit to serve as an officer or director of a public company.

Gilbertson reserves the right to timely raise any additional affirmative defense not

yet asserted which he becomes aware of through discovery, other investigation or

additional disclosures by the SEC.

## REQUEST FOR RELIEF

Gilbertson respectfully requests that this Court grant judgment in his favor as follows:

a.  That the Complaint be dismissed in its entirety with prejudice;

b.  That judgment be entered in Gilbertson's favor on his affirmative defenses;

c.  That Gilbertson be awarded his costs and expenses; and

d.  That this Court grant Gilbertson such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ Will Stute
_____
Will Stute (MN bar # 279663)
Jennifer Routh (DC bar # 1032060)
(*pro hac vice* application forthcoming)
McDermott Will & Emery LLP
500 North Capitol Street, N.W.
Washington, DC  20001-1531
Telephone:  +1 202 756 8000

*Attorneys for Defendant*
*Ryan Gilbertson*

Dated: January 3, 2017