# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

Civil No. 16-3779 (DWF/HB)

Plaintiff,

v.

**FINAL JUDGMENT AS TO
DEFENDANT DOUGLAS HOSKINS**

RYAN GILBERTSON, ET AL.,

Defendants.

The Securities and Exchange Commission having filed a Complaint and

Defendant Douglas Hoskins ("Defendant") having entered a general appearance;

consented to the Court's jurisdiction over Defendant and the subject matter of this action;

consented to entry of this Final Judgment; waived findings of fact and conclusions of

law; and waived any right to appeal from this Final Judgment:

I.

**IT IS HEREBY ORDERED** that Defendant is permanently restrained and

enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange

Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rules 10b-5(a) and (c)

promulgated thereunder [17 C.F.R. §§ 240.10b-5(a) and (c)], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national

securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud; or

(b)      to engage in any act, practice, or course of business which operates

or would      operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil

Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual

notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers,

agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

II.

**IT IS HEREBY FURTHER ORDERED** that Defendant is permanently

restrained and enjoined from violating Sections 17(a)(1) and (a)(3) of the Securities Act

of 1933 (the "Securities Act") [15 U.S.C. §§ 77q(a)(1) and (a)(3)] in the offer or sale of

any security by the use of any means or instruments of transportation or communication

in interstate commerce or by use of the mails, directly or indirectly:

(a)      to employ any device, scheme, or artifice to defraud; or

(b)      to engage in any transaction, practice, or course of business which

operates or would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil

Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual

notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers,

agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

III.

**IT IS HEREBY FURTHER ORDERED** that Defendant is permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and (c)] by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual

notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers,

agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

IV.

**IT IS FURTHER ORDERED** that Defendant is liable for disgorgement of

$133,393, representing profits gained as a result of the conduct alleged in the Complaint,

together with prejudgment interest thereon in the amount of $33,592, for a total of

$166,985, which shall be deemed satisfied by the Order of Restitution entered against

Defendant in *United States v. Douglas Hoskins*, Case No. 0:17-cr-66 (D. Minn.)

Based on the prison sentence imposed in *United States v. Hoskins*, the

Commission has determined to withdraw its claims for civil monetary penalties against

Defendant.

V.

**IT IS FURTHER ORDERED** that, for purposes of exceptions to discharge set

forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the

complaint are true and admitted by Defendant, and further, any debt for disgorgement,

prejudgment interest, civil penalty or other amounts due by Defendant under this Final

Judgment or any other judgment, order, consent order, decree or settlement agreement

entered in connection with this proceeding, is a debt for the violation by Defendant of the

federal securities laws or any regulation or order issued under such laws, as set forth in

Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VI.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this

matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules

of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and

without further notice.


Dated:  January 26, 2022                          s/Donovan W. Frank
                                                DONOVAN W. FRANK
                                                United States District Judge